OPINION
{¶ 1} Defendant-appellant Cornelius Brownlow, Sr. ("Brownlow") brings this appeal from the judgment of the Court of Common Pleas of Allen County finding him guilty of three counts of trafficking in crack cocaine and one count of engaging in a pattern of corrupt activity.
 {¶ 2} During March and April of 2002, officers investigated crack cocaine trafficking activities in which Brownlow was alleged to be involved. On March 28, 2002, April 4, 2002, April 5, 2002, and April 30, 2002, an informant was used to make controlled buys. The informant was prepped prior to the buy and then drove to Brownlow's residence with the officers following. Brownlow left the home after the informant's arrival on three of the four instances. Approximately 15 minutes later, Brownlow would return. The informant then emerged from the residence without the money supplied for the buy and with varying quantities of crack cocaine. At trial, the informant testified that Brownlow was the one who obtained and transported the drugs sold to him. During the second and third buys, Brownlow was followed from his residence to his sister's home. After the third buy, the officers obtained a search warrant for Brownlow's sister's home. The officers discovered large quantities of cocaine and marijuana, drug paraphernalia, scales, and packaging material. In the sister's purse, the officers found several thousand dollars in cash, including a portion of the buy money from the first and second controlled buys. Brownlow was then arrested on May 16, 2002, for his participation in the drug sales.
 {¶ 3} On June 13, 2002, the grand jury indicted Brownlow on four counts of trafficking in crack cocaine and one count of engaging in a pattern of corrupt activity. The trial court, after finding Brownlow to be indigent appointed counsel for Brownlow on June 24, 2002. Due to counsel's involvement with a capital case, he was permitted to withdraw from the case and new counsel was appointed on July 1, 2002. On July 10, 2002, Brownlow's second counsel was permitted to withdraw due to a conflict of interest and new counsel was appointed.
 {¶ 4} A jury trial was held from August 13, 2002, until August 15, 2002. One count of trafficking in crack cocaine was dismissed prior to the jury being impaneled. At trial the State presented the testimony of 25 witnesses. The majority of these witnesses were cross-examined by Brownlow's counsel. At the conclusion of the State's case in chief, Brownlow moved for an acquittal, which the trial court denied. Counsel for the State and for Brownlow made closing arguments and the matter was given to the jury. The jury returned a verdict of guilty on all the remaining counts of the indictment. It is from this judgment that Brownlow appeals.
 {¶ 5} Brownlow raises the following assignments of error.
 The trial court erred to the prejudice of [Brownlow] by granting a continuance to the State of Ohio thereby violating [Brownlow's] speedy trial right pursuant to the Sixth and Fourteenth Amendment of the United States Constitution, Article 1, Section 10 of the Ohio Constitution and [R.C. 2945.71].
 [Brownlow] was prejudiced by being denied effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.
 {¶ 6} In the first assignment of error, Brownlow claims that he was denied a speedy trial. The time within which a defendant must be brought to trial is controlled by R.C. 2945.71, which states in pertinent part as follows.
(C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after the person's arrest.
* * *
 (A) For purposes of computing time under [division (C)(2)] of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
R.C. 2945.71.
 {¶ 7} Here, Brownlow was unable to post bond, so he remained in jail pending trial. Thus, Brownlow had to be brought to trial within 90 days of his arrest. Brownlow claims that this date was August 12, 2002, because that is what the State originally told the court was the speedy trial deadline. Brownlow was arrested on May 16, 2002. His trial began on August 13, 2002. The time between these two dates is only 89 days. Regardless of any prior miscalculations of time, the trial was started prior to the statutory deadline. The first assignment of error is overruled.
 {¶ 8} Next, Brownlow claims that he was denied effective assistance of counsel.
 {¶ 9} "Reversal of convictions on ineffective assistance requires the defendant to show `first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 105 (citingStrickland v. Washington (1984), 466 U.S. 668, 669, 104 S.Ct. 2052,80 L.Ed.2d 674). Upon review, an appellate court must make a strong presumption that counsel's conduct was within the acceptable range of reasonable professional assistance. Id. at ¶ 108. One who claims counsel was ineffective must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id.
 {¶ 10} In this case, Brownlow seems to be arguing that his counsel was ineffective because he was only appointed a few weeks prior to the trial. However, Brownlow does not point to any instance in the record where his counsel's performance was deficient. Brownlow's only argument seems to be that the circumstances prohibited his counsel from being effective. After being appointed on July 10, 2002, counsel filed a motion to reveal deals that Brownlow's co-defendants received, a motion for identification of the confidential informant, and a motion to compel discovery. At trial, counsel made opening statements, cross-examined witnesses, objected to the some of the State's questions and exhibits, moved for acquittal, presented arguments as to the phrasing of the jury instructions, and made a closing argument. Based upon counsel's activities before and at trial, his professional assistance was not deficient. In addition, Brownlow has not shown how any of counsel's alleged actions or omissions resulted in prejudice to him. Thus, the second assignment of error is overruled.
 {¶ 11} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 WALTERS and CUPP, JJ., concur.